UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

GABRIELA BARBE, and
CRYSTIAN SUAREZ,

    Plaintiffs,

Vs.

AMSTERDAM BAR AND RESTAURANT, INC.,
ALAA ALSAFADI, and
JERIOS EL CHAER,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, GABRIELA BARBE, ("BARBE") and CRYSTIAN SUAREZ ("SUAREZ"), by and through their undersigned counsel, file this Complaint against Defendants, AMSTERDAM BAR AND RESTAURANT, INC., a Florida corporation ("AB&R"), ALAA ALSAFADI, ("ALSAFADI"), and JERIOS EL CHAER, ("ELCHAER"), individually, and state as follows:

### INTRODUCTION

1. This is a proceeding against AB&R, ALSAFADI and ELCHAER, for monetary damages to redress the deprivation of rights secured to Plaintiffs, BARBE and SUAREZ, under the minimum wage provisions of Sections 6 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), and the Florida Minimum Wage Act, Fla. Stat. § 448.110.

1

## JURISDICTION

2. The jurisdiction of the Court over this controversy is based on 29 U.S.C. §216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

## VENUE

3. The venue of this Court over this controversy is based on the following:

   a. The unlawful employment practice alleged below occurred and/or were committed within Broward County, Florida;

   b. Defendant, AB&R, was and continues to be a Florida corporation doing business within the Southern District of Florida; and

   c. Upon information and belief, the individual Defendants, ALSAFADI and ELCHAER, reside and/or do engage in business activities within Broward County Florida.

## PARTIES

4. At all times material hereto, Plaintiffs, BARBE and SUAREZ, were and continue to be residents of Broward County, Florida.

5. At all times material hereto, Plaintiffs, BARBE and SUAREZ, were "employee[s]" within the meaning of the FLSA.

6. At all times material hereto, Defendant, AB&R, was and continues to be a corporation organized under the laws of the State of Florida.

7. At all times material hereto, Defendant, AB&R, was engaged in business as Amsterdam Bar & Restaurant at 113 S. 20th Ave., Hollywood, Florida 33020, within the Southern District of Florida.

8. At all times material hereto, Defendant AB&R is an employer authorized to do business and doing business in Florida, with a place of business in Broward County, Florida.

9. At all times material hereto, Defendant, AB&R, was and continues to be restaurant and bar selling liquor and food to patrons.

10. Further, at all times relevant Defendant AB&R was an "employer" with the meaning of § 3(d) of the FLSA, 29 U.S.C. §203(d).

11. At all times material hereto, Defendant, AB&R, regularly owned and operated a business engaged in commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and § 203(s).

12. At all times material hereto, Defendants were and continue to be employers within the meaning of the FMWA.

13. At all times material hereto, Plaintiffs, BARBE and SUAREZ, were "engaged in commerce" within the meaning of the FLSA.

14. At all times material hereto, Defendant, AB&R, was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

15. At all times material hereto, annual gross revenue of Defendant, AB&R, was in excess of $ 500,000.00 per annum during the relevant time periods.

16. At all times material hereto, the items used by the Defendant, AB&R, and its employees for the operation of its business travelled in interstate commerce.

17. Additionally, the Defendants' transactions via e-commerce constitute interstate commerce.

18. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

19. At all times material hereto, Defendants, ALSAFADI and ELCHAER, were and continue to be the owners and officers of Defendant AB&R, who control how each Plaintiff was compensated and are therefore "employer[s]" within the meaning of the FLSA and FMWA.

## STATEMENT OF FACTS

### BARBE

20. Plaintiff, BARBE, was hired as a bartender on or about May 27, 2018, a position which she held until October 25, 2019.

21. Plaintiff, BARBE, continued to perform these duties but was never compensated by the Defendants via an hourly wage. She only received tips from the Defendants' patrons.

22. During the relevant time period (May 2018 and continuing through October 2019, approximately 73 weeks), Plaintiff, BARBE, worked an average of 37 hours per week.

23. At no time did the Defendants maintain any time records for BARBE during the time she worked for the Defendants.

24. Defendants failed to keep time records as required by section 11 of the FLSA.

25. Due to Defendants' deliberate indifference and/or willful violations of the FLSA, Plaintiff, BARBE, is owed $ 19,582.25 in unpaid minimum wages under federal law as follows:

4

- **37 hours x 73 weeks x $ 7.25 per hour**

26.     Plaintiff, BARBE, is also owed an equal amount as liquidated damages under federal law thereby entitling her to a grand total of **$ 39,164.50** ($ 19,582.25 x 2).

27.     The applicable Florida Minimum Wage in 2018 was $ 8.25 per hour. Additionally, the Florida Minimum Wage in 2019 was $ 8.46 per hour.

28.     Due to Defendants' deliberate indifference and/or willful violations of the FMWA, Plaintiff, BARBE, is owed $ 22,609.59 in unpaid minimum wages under Florida law as follows:

+
- **• 2018 – 37 hours x 31 weeks x $ 8.25 per hour = $ 9,462.75**
- **• 2019 – 37 hours x 42 weeks x $ 8.46 per hour = $ 13,146.84**

29.     Plaintiff, BARBE, is also owed an equal amount as liquidated damages under Florida law thereby entitling her to a grand total of **$ 45,219.18** ($ 22,609.59 x 2).

## SUAREZ

30.      Plaintiff, SUAREZ, was hired by Defendants as a bartender in September of 2018 and worked until December of 2019, or 62 weeks.  From September 2018 and continuing through the end of his employment in December of 2019, SUAREZ, worked an average of 37 hours per week.

31.     Plaintiff, SUAREZ, continued to perform these duties but was never compensated by the Defendants via an hourly wage.  He only received tips from the Defendants' patrons.

32.     At no time did the Defendants maintain any time records for SUAREZ during the time he worked for the Defendants.

33. Defendants failed to keep time records as required by section 11 of the FLSA.

34. During the relevant 62-week time period Plaintiff, SUAREZ, is owed $16,631.50 in unpaid federal minimum wages calculated as follows: 62 weeks x 37 hours x $ 7.25 per hour.

35. Plaintiff, SUAREZ, is also owed an equal amount as liquidated damages thereby entitling him to a grand total of **$33,263.00** ($ 16,631.50 x 2) under federal law.

36. The applicable Florida Minimum Wage in 2018 was $ 8.25 per hour. Additionally, the Florida Minimum Wage in 2019 was $ 8.46 per hour.

37. Due to Defendants' deliberate indifference and/or willful violations of the FMWA, Plaintiff, SUAREZ, is owed **$ 19,306.23** in unpaid minimum wages under Florida law as follows:

+
- **2018 – 37 hours x 13 weeks x $ 8.25 per hour = $   3,968.25**
- **2019 – 37 hours x 49 weeks x $ 8.46 per hour = $ 15,337.98**

38. Plaintiff, SUAREZ, is also owed an equal amount as liquidated damages under Florida law thereby entitling him to a grand total of **$ 38,612.46** ($ 19,306.23 x 2).

## AS TO ALL PLAINTIFFS

39. Notwithstanding the fact that Defendants had knowledge regarding their obligation to pay the Plaintiffs and all similarly situated hourly servers and bartenders the federal and Florida minimum wage, Defendants willfully violated Title 29 U.S.C. § 206, and the FMWA by failing to properly pay any hourly pay.

40. Such continuing conduct by the Defendants evidences a willful decision by the Defendants and their agents to violate the minimum wage provisions of the FLSA. At

no time did the Defendants have reasonable grounds for believing that their acts and/or omissions were not a violation of the FLSA and the FMWA.

41. Plaintiffs have performed all conditions precedent under the FMWA prior to filing the instant action.

42. Plaintiffs have retained the Law Firm of Michael A. Pancier, P.A., to represent them and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIMS

### COUNT I

### VIOLATION OF 29 U.S.C. §§ 206
### MINIMUM WAGE VIOLATIONS

43. Plaintiffs, BARBE and SUAREZ, realleges and reavers paragraphs 1 through 26, 30 through 35, and 39 through 42 of this Complaint as if fully set forth herein.

44. Plaintiffs, BARBE and SUAREZ, were entitled to be paid no less than the federal minimum wage rate of $ 7.25 per hour for every regular hour worked.

45. At no time did the Defendants take a proper tip credit under the law or advise the Plaintiffs that a tip credit of $ 3.02 would be credited towards the minimum wage.

46. At no time did the Defendants pay any wages or withhold taxes from any wages from the Plaintiffs or all similarly situated employees.

47. Due to intentional, willful, and unlawful acts of Defendants, Plaintiffs, BARBE and SUAREZ, have suffered damages in lost minimum wage compensation for the time they worked without receiving any compensation, plus liquidated damages.

48. Plaintiff, BARBE, is owed $ 19,582.25 in unpaid minimum wages and an equal amount as liquidated damages totaling **$ 39,164.50**.

49. Plaintiff, SUAREZ, is owed **$ 16,631.50** in unpaid minimum wages and an equal amount as liquidated damages totaling **$33,263.00.**

50. Plaintiffs, BARBE and SUAREZ, are also entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiffs, BARBE and SUAREZ, respectfully request that judgment be entered in their favor against Defendants, AB&R, ALSAFADI, and ELCHAER, jointly and severally:

   a. Declaring, pursuant to 28 U.S.C. §2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Awarding Plaintiff, BARBE, is owed $ 19,582.25 in unpaid minimum wages and an equal amount as liquidated damages totaling $ 39,164.50.

   c. Awarding Plaintiff, SUAREZ, $ 16,631.50 in unpaid minimum wages and an equal amount as liquidated damages totaling $33,263.00.

   d. Awarding the Plaintiffs reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

   e. Awarding Plaintiffs post judgment interest (and prejudgment interest in the event that liquidated damages are not awarded), and;

   f. Ordering any other relief that this Court deems just and proper.

## COUNT II

## VIOLATION OF FLORIDA MINIMUM WAGE ACT

51. Plaintiffs, BARBE and SUAREZ, realleges and reavers paragraphs 1 through 24, 27 through 29, 30 through 33, and 36 through 42 of this Complaint as if fully set forth herein.

52. Plaintiffs, BARBE and SUAREZ, were entitled to be paid no less than the Florida minimum wage rate of $ 8.25 per hour for every regular hour worked in 2018 and $ 8.46 per hour for every regular hour worked in 2019.

53. At no time did the Defendants take a proper tip credit under the law or advise the Plaintiffs that a tip credit of $ 3.02 would be credited towards the minimum wage.

54. At no time did the Defendants pay any wages or withhold taxes from any wages from the Plaintiffs or all similarly situated employees.

55. Due to intentional, willful, and unlawful acts of Defendants, Plaintiffs, BARBE and SUAREZ, have suffered damages in lost minimum wage compensation for the time they worked without receiving any compensation, plus liquidated damages.

56. Plaintiff, BARBE, is owed $ 22,609.59 in unpaid minimum wages and an equal amount as liquidated damages thereby entitling her to a grand total of **$ 45,219.18** under Florida law ($ 22,609.59 x 2).

57. Plaintiff, SUAREZ, is owed $ 19,306.23 in unpaid minimum wages and an equal amount as liquidated damages thereby entitling him to a grand total of **$38,612.46** ($19,306.23 x 2) under Florida law.

58. Plaintiffs, BARBE and SUAREZ, are also entitled to an award of their reasonable attorneys' fees and costs pursuant to Fla. Stat. § 448.110(6)(c)(1).

**WHEREFORE,** Plaintiffs, BARBE and SUAREZ, respectfully request that judgment be entered in their favor against Defendants, AB&R, ALSAFADI, and ELCHAER, jointly and severally:

    a. Declaring, pursuant to 28 U.S.C. §2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FMWA;

    b. Awarding Plaintiff, BARBE, is owed $ 22,609.59 in unpaid minimum wages and an equal amount as liquidated damages totaling $ 45,219.18;

    c. Awarding Plaintiff, SUAREZ, $ 19,306.23 in unpaid minimum wages and an equal amount as liquidated damages totaling $38,612.46;

    d. Awarding the Plaintiffs reasonable attorneys' fees, costs, and expenses of this litigation pursuant to Fla. Stat. § 448.110(6)(c)(1);

    e. Awarding Plaintiffs post judgment interest (and prejudgment interest in the event that liquidated damages are not awarded), and;

    f. Ordering any other relief that this Court deems just and proper.

Dated: February 3, 2020

        Respectfully submitted,

        Law Offices of Michael A. Pancier, P.A.,
        **Attorneys for Plaintiffs**
        9000 Sheridan Street, Suite 93
        Pembroke Pines, FL 33024
        TEL: (954) 862-2217
        mpancier@pancierlaw.com

            /s/ Michael A. Pancier, Esq.
            Michael A. Pancier, Esq.
            Fla. Bar No. 958484